[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15672
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00268-CR-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO CARLOS DOMINGUEZ-REYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 15, 2010)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Dominguez-Reyes appeals his 34-month sentence imposed after

pleading guilty to illegal reentry in violation of 8 U.S.C. § 1326. After thorough review, we conclude that Dominguez-Reyes has not demonstrated that his below-Guidelines sentence was substantively unreasonable. Therefore, we affirm.

**I.**

Dominguez-Reyes was convicted of conspiracy to commit assault in aid of racketeering in 2004 and sentenced to 33 months in prison. Upon his release from prison in 2005, he was immediately deported to Mexico. Approximately three years later, Dominguez-Reyes was stopped for a potential traffic violation in Gwinnett County, Georgia. As part of a gang enforcement initiative, information he provided during that traffic stop was sent to Immigrations and Customs Enforcement ("ICE") agents, who determined that he had illegally reentered the country. He was arrested a short time later at his residence and indicted for having illegally reentered the Untied States in violation of 8 U.S.C. § 1326.

Dominguez-Reyes later pleaded guilty to the indictment without a plea agreement. At sentencing, the district court adopted the presentence investigation report ("PSR") as the findings of the court. The district court calculated Dominquez-Reyes advisory Guidelines range under U.S.S.G. § 2L1.2, assigning a base offense level of 8 and adding 16 levels because Dominguez-Reyes had been previously deported following a conviction for a crime of violence. The district

2

court then awarded a 3-level reduction for acceptance of responsibility, which resulted in a total offense level of 21. With the defendant's Criminal History Category of II, Domingquez-Reyes's Guidelines range was 41 to 51 months in prison.

Dominguez-Reyes requested a downward variance sentence of 18 months in prison. He urged the district court to consider that he initially came to this country at the age of 3, had suffered physical abuse at the hands of his stepfather, and had only reluctantly returned to the Untied States after his deportation to assist his mother with the care of his siblings. He also argued that he had been fully rehabilitated, was attending church regularly and volunteering there, and had little incentive to remain in the United States following his release because his family had returned to Mexico and needed his help there.

After hearing argument from the parties and the defendant's allocution, the district court found the 18-month sentence Dominquez-Reyes requested insufficient to meet the purposes and objectives of sentencing. Instead, the district court imposed a downward variance sentence of 34 months in prison and three years supervised release. In reaching its decision, the district court stated that it had carefully reviewed and taken into consideration all of the factors set forth in 18 U.S.C. § 3553(a), particularly referencing the nature and circumstances of the

offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public. Both the government and the defendant objected to the district court's below-Guidelines sentence.

**II.**

Dominguez-Reyes claims that his sentence was substantively unreasonable because it is greater than necessary to achieve the objectives of sentencing.[1]

We review the substantive reasonableness of a sentence for abuse of discretion, taking into account the totality of the circumstances. United States v. Jennings, 599 F.3d 1241, 1255 (11th Cir. 2010). "Our reasonableness review is deferential, requiring the court to determine 'whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a).'" United States v. Langston, 590 F.3d 1226, 1236 (11th Cir. 2009) (quoting United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005)). "The burden is on the party challenging the sentence to show that the sentence was unreasonable in light of the record and the § 3553(a) factors." Id.

Pursuant to § 3553(a), the sentencing court shall impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense,

---

[1] Dominguez-Reyes does not assert that the district court committed any procedural error in his sentencing.

4

promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training. 18 U.S.C. § 3553(a)(2). The sentencing court should also consider the following factors in determining a particular sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the Guidelines range and the pertinent policy statements of the Sentencing Commission; (4) the need to avoid unwarranted sentencing disparities, and (5) the need to provide restitution to victims. Id. at § 3553(a)(1), (a)(3)–(7). "'The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors.'" Langston, 590 F.3d at 1237 (quoting United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007)).

Dominguez-Reyes has failed to demonstrate that his 34-month below-Guidelines sentence was substantively unreasonable. Dominguez-Reyes's argument, in essence, is that the district court gave too much weight to the need for deterrence and too little weight to the mitigating factors he presented at sentencing, such as his background, cultural assimilation, and rehabilitation. But "[w]e do not reweigh relevant factors . . . unless the district court committed a clear error of

5

judgment in weighing the § 3553(a) factors by arriving at a sentence outside the range of reasonable sentences." Langston, 590 F.3d at 1237. And we cannot say, on this record, that the district court's downward variance sentence was outside the range of reasonable. This is particularly true where, as here, the district court's decision to vary downward (over the government's request for a Guidelines sentence) clearly demonstrates that it considered Dominguez-Reyes's arguments in favor of a reduced sentence.

It may be true that reasonable minds could differ as to the appropriate sentence in this case, given the defendant's history and characteristics, the nature and circumstances of his illegal reentry, as well as the need to deter this defendant and others with prior violent felony convictions from illegally reentering the country following their deportation. But in our view the district court's sentence in this case falls squarely within the range of reasonable sentences. That being so, the district court did not abuse its discretion in imposing a 34-month sentence.

**AFFIRMED.**